LOTTINGER, Judge.
This is a suit for the expropriation of certain properties owned by defendant situated within the Parish of Tangipahoa, Louisiana. There are three tracts sought to be expropriated by the Louisiana Department of Highways under the provisions of Title 48, Section 441 et seq., LSA-R.S. The expropriation was effected under the provisions of said statutes and the sum of $13,150.00 was deposited in the Registry of the Court upon the taking. The defendant, D. H. Sanders Realty Co., Inc., filed answer to the effect that the amount of the money deposited by petitioner was inadequate.
The record discloses that three tracts were taken from the defendant for highway improvement purposes, these tracts were designated as Parcel No. 1-1 consisting of 0.476 of an acre, Parcel No. 1-2, consisting of 0.214 of an acre and Parcel No. 2-1, consisting of 20.271 acres. There is no controversy with reference to the amount of money offered for the expropriation of Parcel 1-1 and Parcel 1-2, however, there is serious dispute with reference to the value of Parcel 2-1. In his answer to the suit, the defendant contends that, of the 20.271 acres contained in Parcel 2-1, approximately 2.25 acres is covered by existing ponds leaving a remainder of 18.021 acres. In its answer, the defendant contends that the pond area should be figured at $750.00 per acre, making a total valuation of $2,453.25 for this tract of 2.25 acres, and the remaining 18.- *587 021 acres should be valued, for sand and gravel alone, at the sum of $1,778.20 per acre, or a total of $30,229.40; plus $250.00 per acre or a total of $4,250.00 for loss of stock piles. In addition to the above, the defendant claims $2,000.00 for loss of pasture lands, $6,000.00 for damages to its property situated south of the proposed highway, and $500.00 for the cost of construction of fences, thus making a total demand on the part of the defendant in the sum of $49,122.65.
After trial of the matter in the Lower Court, judgment was rendered computing the surface value of the 18.021 acre tract at $125.00 per acre, or a total surface value of $2,252.62. The Lower Court awarded the sum of $18,000.00 for loss of sand and gravel situated under this parcel, $225.00 for the pond area, $250.00 for the construction of fences, $500.00 for the destruction of timber, and severance damages to the remainder of the property in the sum of $500.00, thus making the total award by the judgment of the Lower Court in the sum of $21,727.62 for the expropriation of Parcel 2 — 1. The Lower Court amended its judgment to increase its award for damages for the taking to the sum of $25,867.12 so as to cover the taking of the three parcels.
The Louisiana Department of Highways filed an appeal asking for a diminution of the amount awarded by the Lower Court. The defendant answered the appeal seeking an increase in award.
Several experts testified on behalf of the defendant with reference to the value of the gravel and sand which underlie the property in dispute. Mr. Charlie Miller who had been in the gravel and sand business for many years testified that he had made several borings under Parcel 2-1 and found that from his deductions the gravel and sand underlying the property was worth a minimum of $1,486.20 per acre as royalty to the landowners. His testimony «relative to marketable sand was based upon a ten (10%) per cent valuation which existed during the year 1947 at which time he retired from the gravel and sand business. He testified, however, that, as of the date of the trial the market for sand was “a whole lot higher due to the fact that most highways are covered with asphalt and the demand for sand is higher but I only took what my experience was while I was in the business, therefore, the marketable sand was ten (10%) per cent.” Mr. Miller had worked for Jahncke Service in New Orleans for a period of some thirty years, and, at the time of his retirement, he was General Superintendent of the pumping and testing of land, in which position he tested land for gravel and sand deposits.
Mr. Edwin Anderson also testified on behalf of the defendant. He testified that he had been in the gravel business for a period of some ten years during which he bought gravel from property owners by the yard. He testified that he paid approximately ten cents per yard as royalty to the property owners. Mr. Anderson was not familiar with the property in question, however, he testified that he knew it would be worth over $1,000.00 per acre, and guessed it would be worth between $1,500.00 and $2,000.00 per acre, based upon his experience with other lands in the area.
Mr. Fred Aubrey Anderson, Sr. testified that he has been in the gravel business since his childhood, and has managed the operations of dredging for sand and gravel for the last twelve years. He testified that the royalty to the property owner for gravel was ten (10£) cents per yard. He testified that the value of the gravel under the property in question would be from $1,500.00 per acre to possibly $2,000.00 per acre.
Mr. James P. Watson also testified on behalf of the defendant. He testified' that he was in the sand and gravel business for the past fifteen years, and that at the time of the suit he was conducting sand and gravel operations on the defendant’s propi- *588 erty. He testified that he was paying the defendant ten (100) cents per cubic yard far sand and gravel, and that he was paying over $2,000.00 royalty per acre. The area upon which he was working at the time was situated approximately one-fourth of a mile north of the proposed highway.
We believe, that, based upon the testimony of the defendant’s witnesses, there is no question but that there are valuable deposits of sand and gravel underlying Parcel 2-1. The Lower Court, in its original judgment, estimated these deposits at approximately $1,000.00 per acre. Based upon the opinion of the experts, we believe that the defendant has shown that the value of these deposits are between the sum of $1,500.00 to $2,000.00, or an average of $1,750.00 per acre for the 18.021 acres, thus making the valuation for sand and gravel fo.r this portion of Parcel 2-1 to be expropriated in the sum of $31,-536.75.
The real estate experts who testified on the trial of the matter set a surface value of $2,252.62 on the 18.021 acre tract, computed at the rate of $125.00 per acre. The petitioner claims that two values, one for the surface, and one for the gravel and sand bed, cannot be set upon the tract expropriated as only the highest and best use of the property should be considered in accordance with law. Certainly the surface rights of this property had a value, and we feel that the Lower Court’s award in this respect was correct. The defendant has conceded that the value of the 2.25 acre pond in the sum of $225.00 was correct, and so the quantum awarded by the Lower Court for the pond area will be maintained.
As to the question of the necessity of constructing fences, the defendant maintains that, inasmuch as the proposed highway will cut through its property, it will be necessary to construct a fence along the highway to prohibit its cattle from going into the highway. However, the defendant has failed to show diminution in value to his remaining property, and so we feel that the Lower Court was in error in setting a valuation of $250.00 therefor, which was purely an arbitrary figure. The defendant has failed to show any valuation as to the timber rights taken by the expropriation and the severance damage to the 60-acre tract situated south of the expropriated right-of-way. There is no evidence to justify the awards of $500.-00 for timber and $500.00 for severance rights.
For the reasons hereinabove assigned, the judgment of the Lower Court will be amended to increase the award for damages for the taking of Parcel 2-1 to the sum of $34,014.37, thus increasing the award for the three tracts expropriated to the sum of $38,153.87, and, as amended, the judgment of the Lower Court will be affirmed; all costs of this appeal shall be paid by petitioner.
Judgment amended and affirmed.